# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **LA'TASHA WEEKLY,** | ) | |
| c/o Cornerstone Law Firm | ) | |
| 5821 NW 72nd Street | ) | |
| Kansas City, MO 64151 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: _____ |
| | ) | |
| **NFI APARTMENT MANAGEMENT,** | ) | |
| **LLC,** | ) | |
| *Serve Registered Agent:* | ) | |
| RAK SERVICES, INC. | ) | |
| 4200 Somerset Dr., Ste. 208 | ) | |
| Prairie Village, KS 66208 | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff La'Tasha Weekly ("Plaintiff"), by and through her attorneys, and for her cause of action against Defendant NFI Apartment Management, LLC, states and alleges as follows:

### Parties and Jurisdiction

1.      This is an employment case based upon and arising under the Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"); 42 U.S.C. § 1981; Title VIII of the Civil Rights Act of 1968, the Fair Housing Act, 42 U.S.C. §§ 3601 *et seq.* ("FHA"); the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"); and Kansas common law.

2.      Plaintiff La'Tasha Weekly ("Plaintiff") is a female citizen of the United States, domiciled in Overland Park, Johnson County, Kansas.

3.      Defendant NFI Apartment Management, LLC, ("NFI" or "Defendant") is and was at all relevant times a Kansas limited liability company organized under the laws of Kansas.

4.      Under information and belief, Plaintiff alleges that at least one member of NFI is domiciled in the state of Kansas.

5.      NFI is registered to conduct and does conducts substantial and continuous business in the State of Kansas.

6.      NFI employed fifteen (15) or more people in each of the twenty (20) or more calendar weeks in the current or preceding calendar year.

7.      NFI employed one hundred (100) or more people in each of the twenty (20) or more calendar weeks in the current or preceding calendar year.

8.      At all relevant times, NFI had employees engaged in trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof.

9.      At all relevant times, NFI's annual gross volume of sales made or business done was not less than $500,000.00.

10.     At all relevant times, NFI has been an enterprise engaged in commerce within the meaning of the FLSA.

11.     At all relevant times, NFI has employed employees, including Plaintiff.

12.     At all relevant times, NFI's employees, including Plaintiff, were engaged in commerce and/or worked for NFI which is an enterprise engaged in commerce.

13.     NFI is an employer within the meaning of Title VII.

14.     NFI is an employer within the meaning of the FLSA.

15.     Jurisdiction is proper in the District of Kansas pursuant to 28 U.S.C. § 1331, as one or more of Plaintiff's claims arise under the laws of the United States.

16.    This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because the state law claims are part of the same case or controversy as the claims that arise under federal law.

17.    Venue is proper in the District of Kansas pursuant to 28 U.S.C. § 1391, because a substantial portion of the alleged discriminatory conduct occurred in this District.

<u>**Administrative Procedure**</u>

18.    On November 20, 2024, Plaintiff timely dual filed a Chage of Discrimination against NFI with the Equal Employment Opportunity Commission ("EEOC") and the Kansas Human Rights Commission ("KHRC"), alleging discrimination based on her sex and race, as well as retaliation.

19.    On July 11, 2025, the EEOC issued Plaintiff a notice of Right to Sue.

20.    This lawsuit was filed within ninety (90) days of the issuance of the EEOC's Notice of Right to Sue.

21.    The aforesaid Charge of Discrimination provided the EEOC and the KHRC sufficient opportunity to investigate the full scope of the controversy between the parties, and accordingly, the sweep of the judicial complaint may be broad as the scope of the EEOC investigation which could reasonably be expected to have grown out of the Charge of Discrimination

22.    Plaintiff has satisfied all private, administrative, and judicial prerequisites to the institution of this action

23.    This action is filed within the applicable statutes of limitations.

## Additional Factual Allegations

24.     Plaintiff began renting a dwelling unit from NFI in approximately 2021 at a 596-unit apartment complex in Overland Park, Kansas.

25.     Plaintiff's tenancy was subject to a rental agreement with NFI.

26.     On or around June 28, 2023, Plaintiff began working for NFI as an assistant property manager at the same complex.

27.     NFI paid Plaintiff $15 per hour in her position as property manager.

28.     Additionally, as long as Plaintiff worked forty (40) hours per week, NFI would waive Plaintiff's rent.

29.     When Plaintiff started working for NFI, it encouraged Plaintiff to work overtime because NFI were severely short-staffed.

30.     Toward the end of 2023, NFI's overtime policy changed, and Plaintiff was no longer allowed to work overtime.

31.     In fact, Plaintiff's supervisor, the property manager ("E.H."), told Plaintiff that even if Plaintiff was meeting with a resident in the office, Plaintiff was supposed to cut them off to avoid working overtime.

32.     Plaintiff's regular work schedule with NFI was Monday through Friday, 8:00 am to 5:00 pm with an hour-long lunch break.

33.     In approximately late December 2023, E.H. was out on vacation and Plaintiff was responsible for the whole property.

34.     Also during that time, Plaintiff's brother passed away.

35.    As a result of these circumstances, there were a few days on which Plaintiff arrived at work late and also stayed late, such that Plaintiff neither worked her exact schedule nor avoided overtime.

36.    However, both Plaintiff's tardiness and her overtime hours on those dates were minimal (i.e., less than 30 minutes each on the days they occurred).

37.    Upon the E.H.'s return from vacation on or about January 2, 2024, she told Plaintiff that she was writing Plaintiff up for both the late arrivals to the office and for working overtime.

38.    E.H. also told Plaintiff that she was "zeroing out" my hours.

39.    For those days on which Plaintiff had either arrived late or worked overtime in E.H.'s absence, E.H. changed NFI's payroll records to reflect as though Plaintiff had worked for exactly eight (8) hours on each day.

40.    A similarly situated white employee who worked overtime during this same period was not disciplined and was compensated accordingly.

41.    In response to the E.H.'s actions, Plaintiff first sent an email to NFI's human resources representative ("T.M."), reporting her reasonable, good faith belief that E.H.'s actions were discriminatory and illegal.

42.    When Plaintiff did not get a response to her email from T.M., Plaintiff went to meet with her in person.

43.    Plaintiff was never compensated for work hours which were "zeroed out" by E.H.

44.    Because E.H. "zeroed out" Plaintiff's hours, Plaintiff's timecard inaccurately reflected that she had worked fewer than forty (40) hours in that workweek.

45.    Had E.H. not "zeroed out" Plaintiff's hours, Plaintiff would have qualified for her rental credit.

46.    Because NFI refused to reinstate Plaintiff's hours that E.H. "zeroed out," it further did not apply Plaintiff's rental credit for that month, meaning Plaintiff had to pay her full rent out of pocket.

47.    Throughout her employment with NFI, Plaintiff had a number of conflicts with the head of maintenance at the property ("M.G.").

48.    Early on in her employment, M.G. made romantic advances to Plaintiff.

49.    After Plaintiff rebuffed M.G.'s advances, his behavior toward her changed.

50.    For example, M.G. would act like every request Plaintiff made of him was unreasonable, regardless of how simple the task was.

51.    M.G. also began speaking to Plaintiff in a very disrespectful tone.

52.    Plaintiff repeatedly reported her difficulties with M.G. to E.H. and T.M., specifically that M.G. had made passes at her and that he became more disrespectful after she declined his advances.

53.    Specifically, Plaintiff reported her reasonable, good faith belief that M.G. was treating her that way because Plaintiff had rejected his romantic advances.

54.    Plaintiff reported to T.M. that E.H. was ignoring Plaintiff's reports of M.G.'s conduct.

55.    Plaintiff also reported to E.H.'s supervisor ("H.C.") that E.H. was ignoring Plaintiff's reports.

56.    On or about February 28, 2024, Plaintiff again asked M.G. to perform a task on the property.

57.    M.G. responded to Plaintiff's request by saying, "You and your fucking observations …" and becoming more and more belligerent.

58. Plaintiff was on phone with her fiancé at the time M.G. made the above statement.

59. Plaintiff's fiancé heard M.G.'s statement through Plaintiff's phone.

60. Plaintiff had previously told her fiancé about her troubles with M.G., so her fiancé said he was going to come over to the office to speak to M.G. on Plaintiff's behalf.

61. Plaintiff asked her fiancé not to come to the office.

62. E.H. and another of NFI's employees ("D.G.") were present for the altercation between Plaintiff and M.G.

63. E.H. told M.G. to calm down and walk away, and D.G. and M.G. walked outside.

64. When Plaintiff realized her fiancé was no longer on the phone with her and that he had likely heard everything that had transpired, Plaintiff immediately went and told E.H. that he was likely on his way to the office.

65. E.H. responded to Plaintiff by yelling at her.

66. When Plaintiff's fiancé arrived at the office, he calmly asked M.G. to stop disrespecting Plaintiff.

67. In response, M.G. threatened to "cut" Plaintiff's fiancé.

68. M.G. did not suffer any discipline for this threat of violence.

69. Plaintiff is aware of a temp employee whose placement with NFI was terminated after he was verbally aggressive with a white female employee.

70. The next day, February 29, 2024, Plaintiff received a call from NFI's director of operations ("A.C.").

71. A.C. told Plaintiff that her employment was being terminated because Plaintiff had allegedly failed to notify management that her fiancé was coming to the office to confront M.G.

72.     Shortly thereafter, Plaintiff received a notice that she had seven (7) days to vacate the residential unit she had been leasing prior to and throughout her employment with NFI.

73.     A former, white male employee of NFI whose employment was terminated for stealing from the company was was not required to move out of his on-site residential unit after his employment was terminated.

74.     A former, white female employee who voluntarily terminated her employment with NFI was also not required thereafter to vacate the apartment NFI had been providing to her.

75.     Another former, Black female assistant property manager for NFI was also required to vacate her residential unit after her employment with NFI ended.

## COUNT I
### Violation under 42 U.S.C. §§ 2000e *et seq.*
### Sex Discrimination – Hostile Work Environment

76.     Plaintiff re-alleges and incorporates herein by reference, as though fully set forth herein, all the above numbered paragraphs.

77.     Plaintiff is female and therefore a member of a protected class based on her sex.

78.     Throughout Plaintiff's employment, NFI subjected Plaintiff to severe, pervasive, and unwelcome harassment based on her sex.

79.     The unwelcome, offensive conducted engaged in by Plaintiff's coworkers includes repeated sexual advances, followed by hostility and unprofessional interactions after such advances were rebuffed.

80.     The actions and conduct of the above-described perpetrator(s), as set forth herein, constituted unwelcome conduct of a sex-based nature.

81.    The hostile work environment to which Plaintiff was subjected affected a term, condition, or privilege of her employment because the conduct was continuous, outrageous, humiliating, and reasonably interfered with her ability to perform the functions of her employment.

82.    The actions and conduct of the above-described perpetrator(s), as set forth herein, created an abusive, hostile, offensive, and intimidating work environment which detrimentally affected Plaintiff.

83.    The conduct described herein would have detrimentally affected a reasonable person of the same sex in Plaintiff's position.

84.    Plaintiff's sex was a motivating or determining factor in the harassment to which she was subjected.

85.    NFI knew or should have known of the hostile work environment to which Plaintiff was subjected but failed to exercise reasonable care to prevent and promptly correct it.

86.    At all times mentioned herein, before and after, the above-described perpetrators were agents, servants, and employees of NFI; were at all such times acting within the scope and course of their agency and employment; and/or their actions were expressly authorized or ratified by NFI, thus making NFI liable for said actions under the doctrine of *respondeat superior*.

87.    NFI failed to make good faith efforts to establish and enforce policies to prevent illegal discrimination against its employees.

88.    NFI failed to properly train or otherwise inform their supervisors and employees concerning their duties and obligations under the civil rights laws, including Title VII.

89.    As shown by the foregoing, Plaintiff suffered intentional discrimination based on her sex at the hands of NFI in violation of Title VII.

90.     As a direct and proximate result of NFI's actions and/or omissions, Plaintiff has suffered humiliation, mental anguish, pain, and a loss of self-esteem in the form of garden variety emotional distress and related compensatory damages.

91.     By failing to take prompt and effective remedial action, NFI in effect condoned, ratified, and/or authorized the discrimination against Plaintiff.

92.     NFI's conduct was willful, wanton, and malicious, and showed complete indifference to or conscious disregard for the rights of others, including the rights of the Plaintiff, thus justifying an award of punitive damages in an amount sufficient to punish NFI or to deter it and other companies from like conduct in the future.

93.     Plaintiff is entitled to recover reasonable attorneys' fees from NFI as provided for in Title VII.

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and against NFI for economic damages, including but not limited to back-pay and lost benefits; for compensatory damages, including but not limited to garden variety emotional distress; for equitable relief, including but not limited to front-pay and injunctive relief; for punitive damages; for reasonable attorneys' fees and costs incurred herein; for pre- and post-judgment interest as allowed by law, and for such other and further legal and equitable relief as the Court deems just and proper.

## COUNT II
### Violation under 42 U.S.C. §§ 2000e *et seq.*
### Sex Discrimination – Termination

94.     Plaintiff re-alleges and incorporates herein by reference, as though fully set forth herein, all the above numbered paragraphs.

95.     Plaintiff is female and therefore a member of a protected class based on her sex.

96.    NFI terminated Plaintiff's employment.

97.    NFI's termination of Plaintiff's employment was an adverse employment action.

98.    NFI did not fire similarly male situated employees for conduct similarly or more severe as its proffered rationale for the termination of Plaintiff's employment.

99.    NFI's proffered rationale for the termination of Plaintiff's employment is not supported by the facts.

100.    Plaintiff's sex was a motivating or determining factor in NFI's decision to terminate Plaintiff's employment.

101.    At all times mentioned herein, before and after, the above-described perpetrators were agents, servants, and employees of NFI; were at all such times acting within the scope and course of their agency and employment; and/or their actions were expressly authorized or ratified by NFI, thus making NFI liable for said actions under the doctrine of *respondeat superior*.

102.    NFI failed to make good faith efforts to establish and enforce policies to prevent illegal discrimination against its employees, including sex discrimination.

103.    NFI failed to properly train or otherwise inform their supervisors and employees concerning their duties and obligations under the civil rights laws, including Title VII.

104.    As shown by the foregoing, Plaintiff suffered intentional discrimination based on her sex at the hands of NFI in violation of Title VII.

105.    As a direct and proximate result of NFI's actions and/or omissions, Plaintiff has been deprived of income, as well as other monetary and non-monetary benefits.

106.    As a further direct and proximate result of NFI's actions and/or omissions, Plaintiff has suffered humiliation, mental anguish, pain, and a loss of self-esteem in the form of garden variety emotional distress and related compensatory damages.

107.    By failing to take prompt and effective remedial action, NFI in effect condoned, ratified, and/or authorized the discrimination against Plaintiff.

108.    NFI's conduct was willful, wanton, and malicious, and showed complete indifference to or conscious disregard for the rights of others, including the rights of the Plaintiff, thus justifying an award of punitive damages in an amount sufficient to punish NFI or to deter it and other companies from like conduct in the future.

109.    Plaintiff is entitled to recover reasonable attorneys' fees from NFI as provided for in Title VII.

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and against NFI for economic damages, including but not limited to back-pay and lost benefits; for compensatory damages, including but not limited to garden variety emotional distress; for equitable relief, including but not limited to front-pay and injunctive relief; for punitive damages; for reasonable attorneys' fees and costs incurred herein; for pre- and post-judgment interest as allowed by law, and for such other and further legal and equitable relief as the Court deems just and proper.

## COUNT III
### Violation under 42 U.S.C. §§ 2000e *et seq.*
### Sex Discrimination – Disparate Treatment

110.    Plaintiff re-alleges and incorporates herein by reference, as though fully set forth herein, all the above numbered paragraphs.

111.    Plaintiff is female and therefore a member of a protected class based on her sex.

112.    NFI treated Plaintiff and other female employees different from their male counterparts by evicting female employees at the conclusion of their employment but permitting male employees to remain tenants.

113.    Plaintiff' sex was a motivating or determining factor in NFI's decision to treat Plaintiff and other female employees differently than similarly-situated male employees.

114.    At all times mentioned herein, before and after, the above-described perpetrators were agents, servants, and employees of NFI; were at all such times acting within the scope and course of their agency and employment; and/or their actions were expressly authorized or ratified by NFI, thus making NFI liable for said actions under the doctrine of *respondeat superior*.

115.    NFI failed to make good faith efforts to establish and enforce policies to prevent illegal discrimination against their employees, including sex discrimination.

116.    NFI failed to properly train or otherwise inform their supervisors and employees concerning their duties and obligations under applicable civil rights laws, including Title VII.

117.    As shown by the foregoing, Plaintiff suffered intentional discrimination based on her sex at the hands of NFI in violation of Title VII.

118.    As a direct and proximate result of NFI actions and or omissions, Plaintiff has been deprived of income, as well as other monetary and non-monetary benefits.

119.    As a further direct and proximate result of NFI's actions and/or omissions, Plaintiff has suffered humiliation, mental anguish, pain, and a loss of self-esteem in the form of garden variety emotional distress and related compensatory damages.

120.    By failing to take prompt and effective remedial action, NFI in effect condoned, ratified, and/or authorized the discrimination against Plaintiff.

121.    NFI's conduct was willful, wanton, and malicious and showed complete indifference to or conscious disregard for the rights of others, including the rights of Plaintiff, thus justifying an award of punitive damages in an amount sufficient to punish NFI or to deter them and other companies from like conduct in the future.

122.    Plaintiff is entitled to recover reasonable attorney's fees from NFI as provided in Title VII.

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and against NFI for economic damages, including but not limited to back-pay and lost benefits; for compensatory damages, including but not limited to garden variety emotional distress damages; for punitive damages; for equitable relief, including but not limited to front-pay and injunctive relief; for reasonable attorneys' fees and costs incurred herein; for pre- and post- judgment interest as allowed by law; and for such other and further legal and equitable relief as the Court deems just and proper.

## COUNT IV
### Violation under 42 U.S.C. §§ 2000e *et seq.*
### Race Discrimination – Termination

123.    Plaintiff re-alleges and incorporates herein by reference, as though fully set forth herein, all the above numbered paragraphs.

124.    Plaintiff is Black and therefore a member of a protected class based on her race.

125.    NFI terminated Plaintiff's employment.

126.    NFI's termination of Plaintiff's employment was an adverse employment action.

127.    NFI's proffered rationale for the termination of Plaintiff's employment is not supported by the facts.

128.    Plaintiff's race was a motivating or determining factor in NFI's decision to terminate Plaintiff's employment.

129.    At all times mentioned herein, before and after, the above-described perpetrators were agents, servants, and employees of NFI; were at all such times acting within the scope and

course of their agency and employment; and/or their actions were expressly authorized or ratified by NFI, thus making NFI liable for said actions under the doctrine of *respondeat superior*.

130.    NFI failed to make good faith efforts to establish and enforce policies to prevent illegal discrimination against its employees, including race discrimination.

131.    NFI failed to properly train or otherwise inform their supervisors and employees concerning their duties and obligations under the civil rights laws, including Title VII.

132.    As shown by the foregoing, Plaintiff suffered intentional discrimination based on her race at the hands of NFI in violation of Title VII.

133.    As a direct and proximate result of NFI's actions and/or omissions, Plaintiff has been deprived of income, as well as other monetary and non-monetary benefits.

134.    As a further direct and proximate result of NFI's actions and/or omissions, Plaintiff has suffered humiliation, mental anguish, pain, and a loss of self-esteem in the form of garden variety emotional distress and related compensatory damages.

135.    By failing to take prompt and effective remedial action, NFI in effect condoned, ratified, and/or authorized the discrimination against Plaintiff.

136.    NFI's conduct was willful, wanton, and malicious, and showed complete indifference to or conscious disregard for the rights of others, including the rights of the Plaintiff, thus justifying an award of punitive damages in an amount sufficient to punish NFI or to deter it and other companies from like conduct in the future.

137.    Plaintiff is entitled to recover reasonable attorneys' fees from NFI as provided for in Title VII.

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and against NFI for economic damages, including but not limited to back-pay and lost benefits; for

compensatory damages, including but not limited to garden variety emotional distress; for equitable relief, including but not limited to front-pay and injunctive relief; for punitive damages; for reasonable attorneys' fees and costs incurred herein; for pre- and post-judgment interest as allowed by law, and for such other and further legal and equitable relief as the Court deems just and proper.

**COUNT V**
**Violation under 42 U.S.C. §§ 2000e *et seq.***
**Race Discrimination – Disparate Treatment**

138.    Plaintiff re-alleges and incorporates herein by reference, as though fully set forth herein, all the above numbered paragraphs.

139.    Plaintiff is Black and therefore a member of a protected class based on her race.

140.    NFI treated Plaintiff and other Black employees different from their non-Black counterparts by evicting Black employees at the conclusion of their employment but permitting non-Black employees to remain tenants.

141.    Plaintiff' race was a motivating or determining factor in NFI's decision to treat Plaintiff and other Black employees differently than similarly-situated non-Black employees.

142.    At all times mentioned herein, before and after, the above-described perpetrators were agents, servants, and employees of NFI; were at all such times acting within the scope and course of their agency and employment; and/or their actions were expressly authorized or ratified by NFI, thus making NFI liable for said actions under the doctrine of *respondeat superior*.

143.    NFI failed to make good faith efforts to establish and enforce policies to prevent illegal discrimination against their employees, including race discrimination.

144.    NFI failed to properly train or otherwise inform their supervisors and employees concerning their duties and obligations under applicable civil rights laws, including Title VII.

145.    As shown by the foregoing, Plaintiff suffered intentional discrimination based on her race at the hands of NFI in violation of Title VII.

146.    As a direct and proximate result of NFI actions and or omissions, Plaintiff has been deprived of income, as well as other monetary and non-monetary benefits.

147.    As a further direct and proximate result of NFI's actions and/or omissions, Plaintiff has suffered humiliation, mental anguish, pain, and a loss of self-esteem in the form of garden variety emotional distress and related compensatory damages.

148.    By failing to take prompt and effective remedial action, NFI in effect condoned, ratified, and/or authorized the discrimination against Plaintiff.

149.    NFI's conduct was willful, wanton, and malicious and showed complete indifference to or conscious disregard for the rights of others, including the rights of Plaintiff, thus justifying an award of punitive damages in an amount sufficient to punish NFI or to deter them and other companies from like conduct in the future.

150.    Plaintiff is entitled to recover reasonable attorney's fees from NFI as provided in Title VII.

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and against NFI for economic damages, including but not limited to back-pay and lost benefits; for compensatory damages, including but not limited to garden variety emotional distress damages; for punitive damages; for equitable relief, including but not limited to front-pay and injunctive relief; for reasonable attorneys' fees and costs incurred herein; for pre- and post- judgment interest as allowed by law; and for such other and further legal and equitable relief as the Court deems just and proper.

## <u>COUNT VI</u>
## Violation under 42 U.S.C. §§ 2000e *et seq.*
## Retaliation

151.    Plaintiff re-alleges and incorporates herein by reference, as though fully set forth herein, all the above numbered paragraphs.

152.    Plaintiff made good faith reports to NFI that she was subjected to sexual harassment by a coworker.

153.    Plaintiff made good faith reports to NFI that she was subjected to discrimination by her supervisor.

154.    By making good faith reports of discrimination, Plaintiff engaged in a protected action.

155.    NFI terminated Plaintiff's employment.

156.    NFI terminated Plaintiff's lease and evicted Plaintiff.

157.    NFI's termination of Plaintiff's employment was an adverse employment action.

158.    NFI's termination of Plaintiff's lease and eviction of Plaintiff was an adverse employment action.

159.    NFI's proffered rationale for the termination of Plaintiff's employment is not supported by the facts.

160.    Plaintiff's good faith reports of discrimination were a motivating or determining factor in NFI's decision to terminate Plaintiff's employment and to evict Plaintiff.

161.    At all times mentioned herein, before and after, the above-described perpetrators were agents, servants, and employees of NFI; were at all such times acting within the scope and course of their agency and employment; and/or their actions were expressly authorized or ratified by NFI, thus making NFI liable for said actions under the doctrine of *respondeat superior*.

162.    NFI failed to make good faith efforts to establish and enforce policies to prevent illegal retaliation against its employees.

163.    NFI failed to properly train or otherwise inform their supervisors and employees concerning their duties and obligations under the civil rights laws, including Title VII.

164.    As shown by the foregoing, Plaintiff suffered intentional retaliation based on her good faith reports of discrimination at the hands of NFI in violation of Title VII.

165.    As a direct and proximate result of NFI's actions and/or omissions, Plaintiff has been deprived of income as well as other monetary and non-monetary benefits.

166.    As a further direct and proximate result of NFI's actions and/or omissions, Plaintiff has suffered humiliation, mental anguish, pain, and a loss of self-esteem in the form of garden variety emotional distress and related compensatory damages.

167.    By failing to take prompt and effective remedial action, NFI in effect condoned, ratified, and/or authorized retaliation against Plaintiff.

168.    NFI's conduct was willful, wanton, and malicious, and showed complete indifference to or conscious disregard for the rights of others, including the rights of Plaintiff, thus justifying an award of punitive damages in an amount sufficient to punish NFI or to deter it and other companies from like conduct in the future.

169.    Plaintiff is entitled to recover reasonable attorneys' fees from NFI as provided in Title VII.

WHEREFORE, Plaintiff requests that the Court enter judgement in her favor and against NFI for economic damages, including but not limited to back-pay and lost benefits; for compensatory damages, including but not limited to garden variety emotional distress; for equitable relief, including but not limited to front-pay and injunctive relief; for punitive damages;

for reasonable attorneys' fees and costs incurred herein; for pre- and post-judgement interest as allowed by law; and for such other and further legal and equitable relief as the Court deems just and proper.

### COUNT VII
### Violation under 42 U.S.C. § 1981
### Race Discrimination – Disparate Treatment

170.    Plaintiff re-alleges and incorporates herein by reference, as though fully set forth herein, all the above numbered paragraphs.

171.    Plaintiff is Black and therefore a member of a protected class based on her race.

172.    Plaintiff had a contract interest in the terms, conditions, and benefits of her employment with as contemplated by § 1981.

173.    Plaintiff had a contract interest in her tenancy on NFI's property as contemplated by § 1981.

174.    NFI treated Plaintiff and other Black employees different from their non-Black counterparts by disciplining Plaintiff and the other Black employees from working overtime and withholding wages earned by working overtime.

175.    NFI treated Plaintiff and other Black employees different from their non-Black counterparts by evicting Black employees at the conclusion of their employment but permitting non-Black employees to remain tenants.

176.    Plaintiff' race was a but-for cause of NFI's decision to treat Plaintiff and other Black employees differently than similarly-situated non-Black employees.

177.    At all times mentioned herein, before and after, the above-described perpetrators were agents, servants, and employees of NFI; were at all such times acting within the scope and

course of their agency and employment; and/or their actions were expressly authorized or ratified by NFI, thus making NFI liable for said actions under the doctrine of *respondeat superior*.

178.    NFI failed to make good faith efforts to establish and enforce policies to prevent illegal discrimination against its employees.

179.    NFI failed to properly train or otherwise inform their supervisors and employees concerning their duties and obligations under the civil rights laws, including § 1981.

180.    As shown by the foregoing, Plaintiff suffered intentional discrimination based on her race at the hands of NFI in violation of § 1981.

181.    As a direct and proximate result of NFI's actions and/or omissions, Plaintiff has been deprived of income as well as other monetary and non-monetary benefits.

182.    As a further direct and proximate result of NFI's actions and/or omissions, Plaintiff has suffered humiliation, mental anguish, pain, and a loss of self-esteem in the form of garden variety emotional distress and related compensatory damages.

183.    By failing to take prompt and effective remedial action, NFI in effect condoned, ratified, and/or authorized the discrimination against Plaintiff.

184.    NFI's conduct was willful, wanton, and malicious, and showed complete indifference to or conscious disregard for the rights of others, including the rights of Plaintiff, thus justifying an award of punitive damages in an amount sufficient to punish NFI or to deter it and other companies from like conduct in the future.

185.    Plaintiff is entitled to recover reasonable attorneys' fees from NFI as provided in 42 U.S.C. § 1988.

WHEREFORE, Plaintiff requests that the Court enter judgement in her favor and against NFI for economic damages, including but not limited to back-pay and lost benefits; for

compensatory damages, including but not limited to garden variety emotional distress; for equitable relief, including but not limited to front-pay and injunctive relief; for punitive damages; for reasonable attorneys' fees and costs incurred herein; for pre- and post-judgement interest as allowed by law; and for such other and further legal and equitable relief as the Court deems just and proper.

## COUNT VIII
### Violation under 42 U.S.C. § 1981
### Race Discrimination – Termination

186.    Plaintiff re-alleges and incorporates herein by reference, as though fully set forth herein, all the above numbered paragraphs.

187.    Plaintiff is Black and therefore a member of a protected class based on her race.

188.    Plaintiff had a contract interest in her employment with NFI as contemplated by § 1981.

189.    NFI terminated Plaintiff's employment.

190.    NFI's termination of Plaintiff's employment was an adverse employment action.

191.    NFI's proffered rationale for the termination of Plaintiff's employment is not supported by the facts.

192.    Plaintiff's race was a motivating or determining factor in NFI's decision to terminate Plaintiff's employment.

193.    At all times mentioned herein, before and after, the above-described perpetrators were agents, servants, and employees of NFI; were at all such times acting within the scope and course of their agency and employment; and/or their actions were expressly authorized or ratified by NFI, thus making NFI liable for said actions under the doctrine of *respondeat superior*.

194.    NFI failed to make good faith efforts to establish and enforce policies to prevent illegal discrimination against its employees, including race discrimination.

195.    NFI failed to properly train or otherwise inform their supervisors and employees concerning their duties and obligations under the civil rights laws, including § 1981.

196.    As shown by the foregoing, Plaintiff suffered intentional discrimination based on her race at the hands of NFI in violation of Title § 1981.

197.    As a direct and proximate result of NFI's actions and/or omissions, Plaintiff has been deprived of income, as well as other monetary and non-monetary benefits.

198.    As a further direct and proximate result of NFI's actions and/or omissions, Plaintiff has suffered humiliation, mental anguish, pain, and a loss of self-esteem in the form of garden variety emotional distress and related compensatory damages.

199.    By failing to take prompt and effective remedial action, NFI in effect condoned, ratified, and/or authorized the discrimination against Plaintiff.

200.    NFI's conduct was willful, wanton, and malicious, and showed complete indifference to or conscious disregard for the rights of others, including the rights of the Plaintiff, thus justifying an award of punitive damages in an amount sufficient to punish NFI or to deter it and other companies from like conduct in the future.

201.    Plaintiff is entitled to recover reasonable attorneys' fees from NFI as provided for in 42 U.S.C. § 1988.

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and against NFI for economic damages, including but not limited to back-pay and lost benefits; for compensatory damages, including but not limited to garden variety emotional distress; for equitable relief, including but not limited to front-pay and injunctive relief; for punitive damages;

for reasonable attorneys' fees and costs incurred herein; for pre- and post-judgment interest as allowed by law, and for such other and further legal and equitable relief as the Court deems just and proper.

<u>COUNT IX</u>
**Violation under 42 U.S.C. § 1981**
**Retaliation**

202.    Plaintiff re-alleges and incorporates herein by reference, as though fully set forth herein, all the above numbered paragraphs.

203.    Plaintiff made good faith reports to NFI that she was subjected to sexual harassment by a coworker.

204.    Plaintiff made good faith reports to NFI that she was subjected to discrimination by her supervisor.

205.    By making good faith reports of discrimination, Plaintiff engaged in a protected action.

206.    Plaintiff had a contract interest in her with NFI as contemplated by § 1981.

207.    Plaintiff had a contract interest in her tenancy on NFI's property as contemplated by § 1981.

208.    NFI terminated Plaintiff's employment.

209.    NFI terminated Plaintiff's lease and evicted Plaintiff.

210.    NFI's termination of Plaintiff's employment was an adverse action.

211.    NFI's termination of Plaintiff's lease and eviction of Plaintiff was an adverse action.

212.    NFI's proffered rationale for the termination of Plaintiff's employment is not supported by the facts.

213.    Plaintiff's good faith reports of discrimination were a but-for cause of NFI's decision to terminate Plaintiff's employment.

214.    Plaintiff's good faith reports of discrimination were a but-for cause of NFI's decision to terminate Plaintiff's lease and to evict Plaintiff.

215.    At all times mentioned herein, before and after, the above-described perpetrators were agents, servants, and employees of NFI; were at all such times acting within the scope and course of their agency and employment; and/or their actions were expressly authorized or ratified by NFI, thus making NFI liable for said actions under the doctrine of *respondeat superior*.

216.    NFI failed to make good faith efforts to establish and enforce policies to prevent illegal retaliation against its employees.

217.    NFI failed to properly train or otherwise inform their supervisors and employees concerning their duties and obligations under the civil rights laws, including § 1981.

218.    As shown by the foregoing, Plaintiff suffered intentional retaliation based on her good faith reports of discrimination at the hands of NFI in violation of § 1981.

219.    As a direct and proximate result of NFI's actions and/or omissions, Plaintiff has been deprived of income as well as other monetary and non-monetary benefits.

220.    As a further direct and proximate result of NFI's actions and/or omissions, Plaintiff has suffered humiliation, mental anguish, pain, and a loss of self-esteem in the form of garden variety emotional distress and related compensatory damages.

221.    By failing to take prompt and effective remedial action, NFI in effect condoned, ratified, and/or authorized retaliation against Plaintiff.

222.    NFI's conduct was willful, wanton, and malicious, and showed complete indifference to or conscious disregard for the rights of others, including the rights of Plaintiff, thus

justifying an award of punitive damages in an amount sufficient to punish NFI or to deter it and other companies from like conduct in the future.

223.    Plaintiff is entitled to recover reasonable attorneys' fees from NFI as provided in 42 U.S.C. § 1988.

WHEREFORE, Plaintiff requests that the Court enter judgement in her favor and against NFI for economic damages, including but not limited to back-pay and lost benefits; for compensatory damages, including but not limited to garden variety emotional distress; for equitable relief, including but not limited to front-pay and injunctive relief; for punitive damages; for reasonable attorneys' fees and costs incurred herein; for pre- and post-judgement interest as allowed by law; and for such other and further legal and equitable relief as the Court deems just and proper.

## COUNT X
### Violation under 42 U.S.C. §§ 3601 *et seq.*
### Discrimination in Rental of Housing Based on Race

224.    Plaintiff re-alleges and incorporates herein by reference, as though fully set forth herein, all the above numbered paragraphs.

225.    Plaintiff is Black and therefore a member of a protected class.

226.    NFI terminated Plaintiff's lease and evicted Plaintiff.

227.    NFI's termination of Plaintiff's lease and eviction of Plaintiff made a dwelling unavailable to Plaintiff and otherwise denied Plaintiff a dwelling.

228.    NFI treated Plaintiff and other Black former employees differently from their non-Black counterparts by evicting Black former employees at the conclusion of their employment but permitting non-Black former employees to remain tenants.

229.    A causal connection exists between Plaintiff' race and NFI's decision to terminate Plaintiff's lease and evict Plaintiff.

230.    As a direct and proximate result of NFI's actions and/or omissions, Plaintiff has been deprived of income.

231.    As a further direct and proximate result of NFI's actions and/or omissions, Plaintiff has paid out-of-pocket expenses.

232.    As a further direct and proximate result of NFI's actions and/or omissions, Plaintiff has suffered humiliation, mental anguish, pain, and a loss of self-esteem in the form of garden variety emotional distress and related compensatory damages.

233.    NFI's conduct was willful, wanton, and malicious, and showed complete indifference to or conscious disregard for the rights of others, including the rights of the Plaintiff, thus justifying an award of punitive damages in an amount sufficient to punish NFI or to deter it and other renters from like conduct in the future.

234.    Plaintiff is entitled to recover reasonable attorneys' fees from NFI as provided for in the FHA.

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and against NFI for economic damages, including but not limited to back-pay and out-of-pocket expenses; for compensatory damages, including but not limited to garden variety emotional distress; for equitable relief, including but not limited to injunctive relief; for punitive damages; for reasonable attorneys' fees and costs incurred herein; for pre- and post-judgment interest as allowed by law, and for such other and further legal and equitable relief as the Court deems just and proper.

## COUNT XI
### Violation under 42 U.S.C. §§ 3601 *et seq.*
### Discrimination in Terms and Conditions of Housing Based on Race

235.    Plaintiff re-alleges and incorporates herein by reference, as though fully set forth herein, all the above numbered paragraphs.

236.    Plaintiff is Black and therefore a member of a protected class.

237.    NFI terminated Plaintiff's lease and evicted Plaintiff.

238.    NFI's termination of Plaintiff's lease and eviction of Plaintiff affected the terms, conditions, or privileges of Plaintiff's rental.

239.    NFI treated Plaintiff and other Black former employees differently from their non-Black counterparts by evicting Black former employees at the conclusion of their employment but permitting non-Black former employees to remain tenants.

240.    A causal connection exists between Plaintiff' race and NFI's decision to terminate Plaintiff's lease and evict Plaintiff.

241.    As a direct and proximate result of NFI's actions and/or omissions, Plaintiff has been deprived of income.

242.    As a further direct and proximate result of NFI's actions and/or omissions, Plaintiff has paid out-of-pocket expenses.

243.    As a further direct and proximate result of NFI's actions and/or omissions, Plaintiff has suffered humiliation, mental anguish, pain, and a loss of self-esteem in the form of garden variety emotional distress and related compensatory damages.

244.    NFI's conduct was willful, wanton, and malicious, and showed complete indifference to or conscious disregard for the rights of others, including the rights of the Plaintiff,

thus justifying an award of punitive damages in an amount sufficient to punish NFI or to deter it and other renters from like conduct in the future.

245.    Plaintiff is entitled to recover reasonable attorneys' fees from NFI as provided for in the FHA.

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and against NFI for economic damages, including but not limited to back-pay and out-of-pocket expenses; for compensatory damages, including but not limited to garden variety emotional distress; for equitable relief, including but not limited to injunctive relief; for punitive damages; for reasonable attorneys' fees and costs incurred herein; for pre- and post-judgment interest as allowed by law, and for such other and further legal and equitable relief as the Court deems just and proper.

**COUNT XII**
**Violation under 42 U.S.C. §§ 3601 *et seq.***
**Retaliation**

246.    Plaintiff re-alleges and incorporates herein by reference, as though fully set forth herein, all the above numbered paragraphs.

247.    Plaintiff made good faith reports to NFI that she was subjected to sexual harassment by a coworker.

248.    Plaintiff made good faith reports to NFI that she was subjected to discrimination by her supervisor.

249.    By making good faith reports of discrimination, Plaintiff engaged in a protected action.

250.    NFI terminated Plaintiff's lease and evicted Plaintiff.

251.    NFI's termination of Plaintiff's lease and eviction of Plaintiff interfered with Plaintiff in her exercise or enjoyment of the rights granted or protected by the FHA.

252.    A causal connection exists between Plaintiff's reports of discrimination and NFI's decision to terminate Plaintiff's lease and evict Plaintiff.

253.    As a direct and proximate result of NFI's actions and/or omissions, Plaintiff has been deprived of income.

254.    As a further direct and proximate result of NFI's actions and/or omissions, Plaintiff has paid out-of-pocket expenses.

255.    As a further direct and proximate result of NFI's actions and/or omissions, Plaintiff has suffered humiliation, mental anguish, pain, and a loss of self-esteem in the form of garden variety emotional distress and related compensatory damages.

256.    NFI's conduct was willful, wanton, and malicious, and showed complete indifference to or conscious disregard for the rights of others, including the rights of the Plaintiff, thus justifying an award of punitive damages in an amount sufficient to punish NFI or to deter her and other renters from like conduct in the future.

257.    Plaintiff is entitled to recover reasonable attorneys' fees from NFI as provided for in the FHA.

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and against NFI for economic damages, including but not limited to back-pay and out-of-pocket expenses; for compensatory damages, including but not limited to garden variety emotional distress; for equitable relief, including but not limited to injunctive relief; for punitive damages; for reasonable attorneys' fees and costs incurred herein; for pre- and post-judgment interest as allowed by law, and for such other and further legal and equitable relief as the Court deems just and proper.

## COUNT XIII
### Violation under 29 U.S.C. §§ 201 *et seq.*
### Failure to Pay Overtime Wages

258.    Plaintiff re-alleges and incorporates herein by reference, as though fully set forth herein, all the above numbered paragraphs.

259.    As part of her job with NFI, Plaintiff regularly required to work in excess of forty (40) hours per workweek.

260.    Plaintiff was entitled to payment for wages at a rate of pay of one and one-half times her regular rate of pay for all work performed in excess of forty (40) hours per workweek.

261.    NFI is not entitled to any exemption from the requirement to pay one and one-half times Plaintiff's regular rate of pay for all work performed in excess of forty (40) hours per workweek.

262.    Plaintiff was regularly required to work in excess of forty (40) hours per workweek for NFI during her employment.

263.    During Plaintiff's employment, including but not limited to during at least one workweek in December 2023, NFI failed to pay Plaintiff wages at a rate of pay of one and one-half times her regular rate of pay for all work performed in excess of forty (40) hours per workweek during said workweeks.

264.    As a direct and proximate result of NFI's actions and/or omissions, Plaintiff has been deprived income, to wit, the unpaid overtime to which she is entitled for those workweeks during which she performed work in excess of forty (40) hours.

265.    NFI's failure to pay Plaintiff overtime pay was willful and not done in good faith.

266.    Plaintiff is entitled to recover liquidated damages from NFI pursuant to 29 U.S.C. § 216(b).

267.    Plaintiff is entitled to recover reasonable costs and attorney's fees from NFI pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and against NFI for economic damages, including back-pay; for liquidated damages; for reasonable attorneys' fees and costs incurred herein; for pre- and post-judgment interest as allowed by law; and for such other and further legal and equitable relief as the Court deems just and proper.

**COUNT XIV**
**Violation under 29 U.S.C. §§ 201 *et seq*.**
**Retaliation**

268.    Plaintiff re-alleges and incorporates herein by reference, as though fully set forth herein, all the above numbered paragraphs.

269.    Plaintiff made reasonable, good faith reports to NFI that she was unlawfully denied one and one-half times her regular rate of pay for all work performed in excess of forty (40) hours per workweek.

270.    By making good faith reports of NFI's unlawful wage practices, Plaintiff engaged in a protected action.

271.    NFI terminated Plaintiff's employment.

272.    NFI terminated Plaintiff's lease and evicted Plaintiff.

273.    NFI's termination of Plaintiff's employment was an adverse employment action.

274.    NFI's termination of Plaintiff's lease and eviction of Plaintiff was an adverse employment action.

275.    NFI's proffered rationale for the termination of Plaintiff's employment is not supported by the facts.

276.    A causal connection exists between Plaintiff's reports of unlawful wage practices and NFI's decision to terminate Plaintiff's employment.

277.    A causal connection exists between Plaintiff's reports of unlawful wage practices and NFI's decision to terminate Plaintiff's lease and evict Plaintiff.

278.    At all times mentioned herein, before and after, the above-described perpetrators were agents, servants, and employees of NFI; were at all such times acting within the scope and course of their agency and employment; and/or their actions were expressly authorized or ratified by NFI, thus making NFI liable for said actions under the doctrine of *respondeat superior*.

279.    NFI failed to make good faith efforts to establish and enforce policies to prevent illegal retaliation against its employees.

280.    NFI failed to properly train or otherwise inform its supervisors and employees concerning their duties and obligations under the labor laws, including the FLSA.

281.    As shown by the foregoing, NFI engaged in a willful violation of the FLSA, and its actions were not in good faith.

282.    As a direct and proximate result of NFI' actions and/or omissions, Plaintiff has been deprived income, as well as other monetary and non-monetary benefits.

283.    As a further direct and proximate result of NFI' actions and/or omissions, Plaintiff has suffered humiliation, mental anguish, pain, and a loss of self-esteem in the form of garden variety emotional distress and related compensatory damages.

284.    By failing to take prompt and effective remedial action, NFI in effect condoned, ratified, and/or authorized retaliation against the Plaintiff.

285.    As shown by the foregoing, NFI's conduct was willful, wanton, and malicious, and showed complete indifference to or conscious disregard for the rights of others, including the rights

of Plaintiff, thus justifying an award of punitive damages in an amount sufficient to punish NFI or to deter it and other employers from like conduct in the future.

286.    Plaintiff is entitled to recover liquidated damages from NFI pursuant to 29 U.S.C. § 216(b).

287.    Plaintiff is entitled to recover reasonable costs and attorney's fees from NFI pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff requests that the Court enter judgement in her favor and against NFI for economic damages, including but not limited to back-pay and lost benefits; for compensatory damages, including but not limited to garden variety emotional distress; for equitable relief, including but not limited to front-pay and injunctive relief; for punitive damages; for liquidated damages; for reasonable attorneys' fees and costs incurred herein; for pre- and post-judgement interest as allowed by law; and for such other and further legal and equitable relief as the Court deems just and proper.

## COUNT XV
**Violation of Kansas Common Law**
**Unjust Enrichment**

288.    Plaintiff re-alleges and incorporates herein by reference, as though fully set forth herein, all the above numbered paragraphs.

289.    Plaintiff conferred a benefit on NFI by performing her job duties for the company, including but not limited to during at least one workweek in December 2023.

290.    NFI appreciated the benefit conferred on it by Plaintiff when she performed her job duties for the company, including but not limited to during at least one workweek in December 2023.

291.    NFI did not pay Plaintiff her anticipated wages for job duties performed for the company, including but not limited to during at least one workweek in December 2023.

292.    NFI's failure to Plaintiff after appreciating the benefit conferred on it by her for the company, including but not limited to during at least one workweek in December 2023, is inequitable and unjust.

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and against NFI; for an award of restitution in the value of anticipated but unpaid wages; for pre-judgment and post-judgment interest as provided by law; for costs and expenses of this action incurred herein; and for any and all such other and further legal or equitable relief as this Court deems necessary, just and proper.

### Request for Jury Trial and Designation of Place of Trial

Plaintiff requests a jury trial and hereby designates the United States District Court for the District of Kansas in Kansas City, Kansas as the place of trial.

Respectfully Submitted,

**CORNERSTONE LAW FIRM**

By: */s/ Joshua P. Wunderlich*
Joshua P. Wunderlich D. Kan. #78506
j.wunderlich@cornerstonefirm.com
5821 NW 72nd Street
Kansas City, Missouri 64151
Telephone            (816) 581-4040
Facsimile            (816) 741-8889

**ATTORNEY FOR PLAINTIFF**