IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

NA'TASHA WEEKLY,

        Plaintiff,

v.                                       Case No.  25-2580-JWB

NFI APARTMENT MANAGEMENT LLC,

        Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendant's partial motion to dismiss.  (Doc. 5.)  The motion has been fully briefed and is ripe for decision.  (Docs. 6, 11, 12.)  The motion is GRANTED IN PART and DENIED IN PART for the reasons stated herein.

I.    **Facts**

The following facts are taken from the complaint.  (Doc. 1.)  In 2021, Plaintiff, a black female, rented an apartment from Defendant NFI Apartment Management LLC ("NFI").  (*Id.* ¶ 24.)  On or around June 28, 2023, Plaintiff was employed by NFI as an assistant property manager at her complex.  NFI paid Plaintiff $15 per hour and also waived her monthly rent if she worked forty hours per week.  (*Id.* ¶ 27–28.)  E.H., Plaintiff's supervisor, was the property manager and told Plaintiff to avoid working overtime.  In December, E.H. was out of the office and Plaintiff was responsible for the property.  During that time, Plaintiff's brother died and she was late to work on a few occasions but also stayed working late on those days.  (*Id.* ¶ 35.)  After she returned from vacation, E.H. told Plaintiff that she was writing Plaintiff up for the late arrivals and working overtime.  E.H. told Plaintiff that she was going to "zero out" her hours and E.H. did change Plaintiff's time records to reflect that Plaintiff had worked exactly eight hours.  (*Id.* ¶ 38–39.)  Had E.H. not changed Plaintiff's time record, she would have qualified for her rental credit.  As a result,

1

Plaintiff had to pay her monthly rent.  (*Id.* ¶ 46.)  Plaintiff alleges that a white employee who worked overtime during this same period was not disciplined.  Plaintiff sent an email to T.M., NFI's human resources representative, stating that she believed that E.H.'s actions were discriminatory and illegal.  (*Id*. ¶ 41.)

During her employment, Plaintiff also had an ongoing conflict with M.G., the head of maintenance at the property.  M.G. made romantic advances towards Plaintiff, which she rebuffed. M.G. changed his behavior towards Plaintiff and was difficult to work with.  Plaintiff repeatedly reported her difficulties with M.G. to both T.M. and E.H.  She also reported his advances toward her and how M.G. was disrespectful towards her after she declined his advances.  (*Id*. ¶ 52.) Plaintiff also told T.M. and another supervisor that E.H. was ignoring Plaintiff's reports regarding M.G.'s conduct.  On February 28, 2024, Plaintiff asked M.G. to perform a task on the property and he responded to her by stating "you and your fucking observations."  (*Id.* ¶ 57.)  At this time, Plaintiff was talking on the phone to her fiancé who overheard this interaction.  Plaintiff's fiancé stated that he was going to come over to the property to speak to M.G.  The interaction between Plaintiff and M.G. was observed by other employees.  E.H. told M.G. to calm down and walk away.  M.G. walked outside.  Plaintiff then told E.H. that she believed her fiancé was coming to the property.  E.H. yelled at Plaintiff.  Plaintiff's fiancé arrived and "calmly asked M.G. to stop disrespecting Plaintiff."  (*Id.* ¶ 66.)  M.G. threatened to "cut" Plaintiff's fiancé.  (*Id.* ¶ 67.)

NFI terminated Plaintiff's employment and told her that it was because she failed to notify management that her fiancé was coming to the office to confront M.G.  (*Id.* ¶ 71.)  M.G. was not disciplined for this threat even though NFI had previously terminated an employee after he was verbally aggressive with a white female employee.  Plaintiff also received a notice that she had seven days to vacate her residential unit.  Plaintiff asserts that a former white male employee who

2

was terminated for stealing did not have to move out of the property after his termination. (*Id.* ¶ 73.) Another former employee who was a white female also did not have to vacate the unit after she voluntarily terminated her employment. However, a former black female assistant property manager was required to vacate her unit after her employment ended with NFI. (*Id.* ¶ 75.)

On November 20, 2024, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Kansas Human Rights Commission ("KHRC"), alleging discrimination and retaliation based on her sex and race. On July 11, 2025, Plaintiff received a notice of her right to sue. (*Id.* ¶ 19.) On October 7, 2025, Plaintiff filed this action asserting the following fifteen claims: race discrimination and retaliation under 42 U.S.C. § 2000e ("Title VII"), 42 U.S.C. § 1981, and 42 U.S.C. § 3601; sex discrimination and retaliation under Title VII; failure to pay overtime and retaliation in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201; and a state law claim of unjust enrichment. NFI moves to dismiss ten of her fifteen claims. In response, Plaintiff consents to the dismissal of two of her claims under Title VII. (Doc. 11 at 2) (agreeing to the dismissal of Counts III and V). Therefore, the court will proceed to the sufficiency of the remaining claims challenged by NFI.

## II.     Standard

In order to withstand a motion to dismiss for failure to state a claim, a complaint must contain enough allegations of fact to state a claim for relief that is plausible on its face. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007)). All well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to Plaintiff. *Archuleta v. Wagner*, 523 F.3d 1278, 1283 (10th Cir. 2008). Conclusory allegations, however, have no bearing upon the court's consideration. *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007).

**III.    Analysis**

**A.  Hostile Work Environment (Count I)**

Defendant moves to dismiss Plaintiff's claim of hostile work environment on the basis that Plaintiff has not sufficiently stated a claim.  A hostile work environment claim is "composed of a series of separate acts that collectively constitute one unlawful employment practice." *Throupe v. Univ. of Denver*, 988 F.3d 1243, 1251 (10th Cir. 2021) (quoting *Nat. R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 117 (2002)).  To sufficiently state a claim of hostile work environment under Title VII, "a plaintiff must show (1) that she was discriminated against because of her sex; and (2) that the discrimination was sufficiently severe or pervasive such that it altered the terms or conditions of her employment and created an abusive working environment."  *Sanderson v. Wy. Highway Patrol*, 976 F.3d 1164, 1174 (10th Cir. 2020). To show that the harassment was "sufficiently severe or pervasive," Plaintiff must "show that a rational jury could find that the workplace is permeated with discriminatory intimidation, ridicule, and insult."  *Id.* at 1176.  "Severity and pervasiveness are evaluated according to the totality of the circumstances . . . considering such factors as 'the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance."  *Id.* at 1176–77.

Here, NFI argues that Plaintiff's allegations are insufficient because she has not set forth facts regarding M.G.'s statements and conduct.  The court agrees.  Plaintiff alleges that she was subject to sexual harassment that amounted to a hostile working environment because of M.G.'s advances and his hostility towards her.  Plaintiff's allegations, however, are entirely conclusory with one exception.  Plaintiff alleges that M.G. made advances towards her on multiple occasions and that she reported this conduct.  These allegations, however, are conclusory.  Plaintiff fails to

identify M.G.'s statements and conduct towards her. As a result, the court cannot conclude that "advances" by M.G. were severe or pervasive such that it created an abusive environment. Plaintiff argues that her complaint is sufficient because there were repeated advances and he treated her with hostility in retaliation after her rejections. (Doc. 11 at 5.) Plaintiff's argument is not persuasive. Again, Plaintiff is speaking in conclusory terms. Plaintiff has wholly failed to identify what exactly transpired and how M.G. treated her after her rejection. An allegation that she was treated with hostility is conclusory. The only factual allegation in Plaintiff's complaint is that she requested that M.G. perform a "task" and he responded by stating "you and your fucking observations." (*Id.* ¶ 57.) This isolated comment is not sufficient to state a claim for a hostile work environment. *Sanderson*, 976 F.3d at 1177 (isolated incidents are not sufficient). Further, there is nothing indicated in this statement from which a jury could infer that Plaintiff's sex was a motivating factor for his conduct. *Little v. Gray Media Grp., Inc.*, 790 F. Supp. 3d 1195, 1231 (D. Kan. 2025) (discussing that sex-neutral actions, such as yelling, do not create a triable issue of facially sex-based behavior).

Therefore, Plaintiff's hostile work environment claim is dismissed.

**B. Sex Discrimination (Count II)**

Next, Plaintiff brings a claim of sex discrimination and alleges that her sex was the motivating factor for her termination. To demonstrate a prima facie case of discrimination based on sex, Plaintiff must establish that (1) she suffered an adverse employment action; and (2) the challenged action took place under circumstances giving rise to an inference of discrimination on the basis of her sex.[1] *See Daniels v. United Parcel Serv., Inc.*, 701 F.3d 620, 627 (10th Cir. 2012)

---

[1] Courts often include a third element: that the plaintiff belongs to a protected class. *See, e.g., Daniels*, 701 F.3d at 627. However, that element can be misleading. Title VII does not limit its protections to disfavored groups or classes of people. *See* 42 U.S.C. § 2000e-2(a). Rather, it prohibits certain categories of discrimination, such as discrimination on the basis of race or sex. *See id.*; *see, e.g. Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 78, 118 S. Ct.

(citing *EEOC v. PVNF, L.L.C.*, 487 F.3d 790, 800 (10th Cir. 2007)). "A complaint raising a claim of discrimination does not need to conclusively establish a prima facie case of discrimination, but it must contain more than [t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Bekkem v. Wilkie*, 915 F.3d 1258, 1274 (10th Cir. 2019). The Tenth Circuit does not "mandate the pleading of any specific facts in particular, [but] a plaintiff must include enough context and detail to link the allegedly adverse employment action to a discriminatory or retaliatory motive with something besides sheer speculation." *Id.* at 1274–75. Factual allegations relevant to this inquiry include: "actions or remarks made by decisionmakers that could be viewed as reflecting a discriminatory animus . . . , preferential treatment given to employees [with different relevant characteristics] . . . or, more generally, upon the timing or sequence of events leading to plaintiff's termination." *Plotke v. White*, 405 F.3d 1092, 1101 (10th Cir. 2005).

Here, Plaintiff has clearly alleged an adverse employment action, her termination. NFI argues that Plaintiff has not plausibly alleged that she was terminated because of her sex. In response, Plaintiff argues that she has alleged that she was treated differently than M.G. for her role in the altercation between M.G. and her fiancé. While Plaintiff's allegations are slight as to her sex discrimination claim, Plaintiff has alleged that M.G. made verbal threats to her fiancé who calmly spoke to M.G. According to Plaintiff, M.G., who is a male, was not disciplined at all for his actions regarding this incident. At this stage in the proceedings, the court will allow the sex discrimination claim to proceed.

## C. Race Discrimination (Counts IV and VIII)

---

998, 1001, 140 L. Ed. 2d 201 (1998) ("Title VII's prohibition of discrimination 'because of ... sex' protects men as well as women.")

Plaintiff has asserted claims of race discrimination under both Title VII and section 1981 due to her termination. To demonstrate a prima facie case of discrimination based on race, Plaintiff must establish that (1) she suffered an adverse employment action; and (2) the challenged action took place under circumstances giving rise to an inference of discrimination on the basis of her race. *See Daniels*, 701 F.3d at 627. Regardless of whether Plaintiff's claims are brought pursuant to Title VII or § 1981, "the elements of a discrimination lawsuit are the same." *Gerovic v. City & Cnty. of Denver*, No. 22-1148, 2023 WL 2293518, at *7 (10th Cir. Mar. 1, 2023) (quoting *Fulcher v. City of Wichita*, 387 F. App'x 861, 864 (10th Cir. 2010)).

In support of this claim, Plaintiff alleges that her race was a motivating factor in her termination. (Doc. 1 ¶ 128.) This allegation, however, is conclusory. Plaintiff's response argues that her complaint sufficiently alleges differential treatment with respect to the incident regarding her overtime and hours worked in December 2023. (Doc. 11 at 7.) Plaintiff asserts that because this differential treatment was close in time the court may use it to infer that her termination was based on her race. Turning to the allegation, Plaintiff merely contends that a "similarly situated white employee who worked overtime during [December 2023] was not disciplined and was compensated accordingly." (Doc. 1 ¶ 40.) This allegation is conclusory. "A plaintiff's assertion that she is similarly situated to other employees is just a legal conclusion—and a legal conclusion is never enough." *Bekkem*, 915 F.3d at 1275. Plaintiff must allege "some facts" that plausibly suggest differential treatment of similarly situated employees. She has not with respect to this allegation of a reduction of hours.

With respect to M.G., Plaintiff alleges that he was not disciplined for his role in the altercation but she does not allege that he is a different race. Therefore, the differential treatment

7

as to M.G. cannot support a race discrimination claim.[2]  The remaining assertions regarding other white employees who were terminated do not help Plaintiff's discrimination claim either.  Those employees were also terminated, similar to Plaintiff.

Because Plaintiff has failed to plead facts that would allow a jury to infer race discrimination with respect to her termination, her claims of race discrimination alleged in Counts IV and VIII are dismissed.

### D.  Retaliation (Count IX)

Plaintiff also brings a claim of retaliation under § 1981.  Plaintiff asserts that she was terminated after engaging in protected activity, which included an informal complaint regarding her reduction of hours.  Plaintiff must establish this claim by showing 1) that she engaged in protected opposition to discrimination, 2) "that a reasonable employee would have found the challenged action materially adverse," and 3) "that a causal connection exists between the protected activity and the materially adverse action."  *Hansen v. SkyWest Airlines*, 844 F.3d 914, 925 (10th Cir. 2016) (quoting *PVNF, L.L.C.*, 487 F.3d at 803).

To engage in protected opposition to discrimination, Plaintiff must oppose an employment practice made unlawful by § 1981.  *Faragalla v. Douglas County Sch. Dist. RE 1, et al.*, 411 F. App'x. 140, 148 (10th Cir. 2011).  The filing of a formal charge constitutes protected activity as well as voicing informal complaints to superiors.  *PVNF, L.L.C.*, 487 F.3d at 804 (citing *Hertz v. Luzenac America, Inc.*, 370 F.3d 1014, 1015 (10th Cir. 2004)).  "Although no magic words are required, to qualify as protected opposition the employee must convey to the employer his or her concern that the employer has engaged in a practice made unlawful by [§ 1981]."  *Faragalla*, 411 F. App'x at 148 (quoting *Hinds v. Sprint/United Mgmt. Co.*, 523 F.3d 1187, 1203 (10th Cir. 2008)).

---

[2] NFI asserts that M.G. is black.  (Doc. 12 at 3.)

Defendant argues that Plaintiff has not sufficiently alleged that she engaged in protected activity. Here, Plaintiff alleges that her hours were reduced in December 2023 but that a white employee's hours were not reduced. Plaintiff then alleges that she complained about her hours being reduced to human resources in an email and that such action was "discriminatory and illegal." (Doc. 1 ¶ 41.) Plaintiff fails to allege that her informal complaint contained any more information that would put NFI on notice that her complaint was about race discrimination. Defendant argues that such a statement is not sufficient to establish protected activity. The court agrees. A "vague reference to discrimination . . . without any indication that this misconduct was motivated [by race] does not constitute protected activity and will not support a retaliation claim." *Anderson v. Acad. Sch. Dist. 20*, 122 F. App'x 912, 916 (10th Cir. 2004); *see also Faragalla*, 411 F. App'x at 148 (finding that a complaint asserting that actions were discriminatory and retaliatory was not sufficient to establish protected activity because the complaint did not reference the plaintiff's "race, religion, or national origin, or alleged discrimination or harassment on any unlawful basis.") Further, a complaint about unfair treatment in general is not "protected opposition to discrimination unless the basis for the alleged unfair treatment is some form of unlawful discrimination in violation of [§ 1981]." *Faragalla*, 411 F. App'x at 148.

Here, Plaintiff's vague reference to discrimination and illegal treatment does not put NFI on notice that she is complaining about unlawful race discrimination in violation of § 1981. In response to the motion, Plaintiff attempts to distinguish the cases cited by NFI, but Plaintiff fails to cite any authority that supports her assertion that her vague complaint constitutes protected activity. *Anderson* is clear that a vague reference to discrimination is not sufficient. Plaintiff's allegation that she complained about her reduction of hours as illegal and discriminatory is not sufficient to constitute protected activity with respect to race discrimination under § 1981.

9

Therefore, her claim of retaliation under § 1981 is dismissed.

### E. Housing Discrimination (Counts X, XI, and XII)

Plaintiff brings two claims of housing discrimination under 42 U.S.C. § 3604 and one claim of retaliation under 42 U.S.C. § 3617.  NFI moves to dismiss all three.

Plaintiff's first claim is one under § 3604(a) which prohibits making a rental unit unavailable or denying a rental on the basis of race and other characteristics.  Plaintiff alleges that NFI unlawfully denied her a dwelling when it terminated her lease and evicted her because of her race.  Defendant asserts that this claim should be dismissed because a state court petition shows that Plaintiff's landlord was another entity, Village Associates, L.P.  (Doc. 6 at 11; 6-1, Exh. 1.) In support of its argument, NFI attaches a petition from state court filed by Village Associates for the purpose of establishing that Village Associates and not NFI entered into a lease with Plaintiff. While the court can consider certain documents in a motion to dismiss, the court declines to consider and accept as true facts contained in a petition filed by a third party in state court.  The court also declines to convert this motion to one for summary judgment at this early stage in the case.

Defendant has also attached Plaintiff's HUD complaint.  (Doc. 6-2.)  Notably, the HUD complaint lists both Village Associates and NFI as discriminating against her in the termination of her lease.  At this stage of the proceedings, the court declines to dismiss Plaintiff's claims on the basis that she did not enter into a lease with NFI.  Plaintiff has alleged that she rented a unit from NFI, that NFI terminated her lease, and evicted her.  (Doc. 1 ¶¶ 25, 226.)  Plaintiff also has alleged that NFI evicted black employees at the conclusion of their employment but that it allowed non-black employees to remain as tenants.  The court finds that Plaintiff has sufficiently stated a claim of housing discrimination against NFI under § 3604(a).

Plaintiff also has asserted a claim of housing discrimination under § 3604(b) which prohibits discrimination of housing in terms and conditions.  NFI moves for dismissal of this claim on the basis that it did not terminate Plaintiff's lease.  Again, the court declines to dismiss Plaintiff's claim on this basis.  NFI further argues that Plaintiff has failed to identify a discriminatory term or condition of housing and that this claim is duplicative of her claim under § 3604(a).  In response, Plaintiff argues that the termination of her tenancy upon the termination of her employment is a change in the terms and conditions of housing.  (Doc. 11 at 13.)  Essentially, Plaintiff asserts that NFI has required continued employment as a term of her lease even though NFI did not require such a term for non-black tenants.  At this stage of the proceedings, the court finds that Plaintiff has plausibly alleged a claim and will allow the claims under both sections to proceed.

Finally, Plaintiff brings a claim of retaliation.  To prove a § 3617 retaliation claim, Plaintiff must show that "(1) she is a protected individual under the FHA, (2) she was engaged in the exercise or enjoyment of her fair housing rights, (3) the defendants coerced, threatened, intimidated, or interfered with the plaintiff on account of her protected activity under the FHA, and (4) the defendants were motivated by an intent to discriminate." *Hatfield v. Cottages on 78th Cmty. Ass'n*, No. 21-4035, 2022 WL 2452379, at *8 (10th Cir. July 6, 2022) (quoting *Bloch v. Frischholz*, 587 F.3d 771, 783 (7th Cir. 2009)).

NFI moves to dismiss this claim on the basis that Plaintiff never engaged in protected activity with respect to housing discrimination.  In response, Plaintiff argues that her employment and tenancy were closely related and that the court should consider her complaints of sexual harassment and discrimination.  Plaintiff fails to cite any authority to support her argument.  It is clear that Plaintiff has not alleged that she made a complaint of housing discrimination either

11

formally or informally prior to her eviction.  Therefore, she has not plausibly stated a retaliation claim under § 3617 and it must be dismissed.

## IV.    Conclusion

Defendant's motion to dismiss (Doc. 5) is GRANTED IN PART and DENIED IN PART. The following claims are dismissed: Count I (hostile work environment); Counts III and V (Title VII claims regarding discriminatory eviction); Counts IV and VIII (race discrimination under Title VII and § 1981); Counts IX and XII (retaliation under § 1981 and § 3617).  The remaining claims will proceed to discovery.

IT IS SO ORDERED.  Dated this 13th day of May, 2026.

　　　　　　　　　　__s/ John W. Broomes_____
　　　　　　　　　　JOHN W. BROOMES
　　　　　　　　　　CHIEF UNITED STATES DISTRICT JUDGE